IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CONTINENTAL 113 FUND, LLC,       )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No.  05 C 1414
                                 )
WILLIAM A. RANDOLPH, INC.,       )
                                 )
          Defendant.             )

## MEMORANDUM ORDER

Continental 113 Fund, LLC ("C113," as its counsel refers to it in the Complaint) has filed a breach of contract action against William A. Randolph, Inc. ("Randolph"), seeking to invoke federal jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte because of a basic flaw in the Complaint's jurisdictional allegations.

Complaint ¶3 correctly specifies both facets of Randolph's dual corporate citizenship under 28 U.S.C. §1332(c)(1), while Complaint ¶4 properly characterizes the remaining allegations in the Complaint as establishing an over-$75,000 amount in controversy. But Complaint ¶2 says only this as to C113 itself:

> Continental 113 Fund, LLC ("C113") is a Wisconsin limited liability company with its principal place of business in Menomonee [sic] Falls, Wisconsin.

It is really surprising that counsel in an old-line law firm with extensive experience in federal litigation is unaware of our Court of Appeals' teaching a half-dozen years ago in Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998), reconfirmed on a

number of occasions since then. For limited liability companies, like other noncorporate entities, the relevant citizenship for diversity purposes is that of **every** member of the LLC (and of course the LLC's principal place of business has no bearing at all). Despite the directive from our Court of Appeals to dismiss actions where citizenship is not properly identified (Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998)), this Court is loath to stick C113 with the cost of another $250 filing fee if (as seems likely) the defect is readily curable.

Accordingly Complaint ¶2 is stricken, with leave granted to file an appropriate amendment to the Complaint (**not** a self-contained Amended Complaint) in this Court's chambers on or before March 25, 2005. At the same time, there is no reason that C113 should have to pay for its counsel's oversight, so counsel are directed (1) to make no charge for lawyers' time and any expense involved in preparing the amendment and (2) to advise C113 accordingly (with a copy of counsel's letter to that effect to be delivered to this Court's chambers purely for information, not for filing).

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　Senior United States District Judge

Date: March 14, 2005