IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CONTINENTAL 113 FUND, LLC, )
)
    Plaintiff/Counterdefendant, )
)
v. ) No. 05 C 1414
)
WILLIAM A. RANDOLPH, INC., )
)
    Defendant/Counterplaintiff. )

## MEMORANDUM ORDER

William A. Randolph, Inc. ("Randolph") has filed its Answer, Affirmative Defenses ("ADs") and Counterclaim in response to the Complaint brought against it by Continental 113 Fund, LLC ("C113"). This memorandum order is issued sua sponte to require Randolph's counsel to cure a few problematic aspects of that responsive pleading.

To begin with, here are Complaint ¶14 and Randolph's answer (both copied verbatim):

> 14. WARI acknowledged that the problems with the south and east masonry walls were "due to the improper construction of these walls by our subcontracted mason." A copy of an October 22, 2004 letter in which WARI makes this acknowledgement is attached as Exhibit B.
>
> ANSWER: Defendants admits that the quoted language appears in Exhibit B.

Just what that excessively cute nonresponse accomplishes is hard to fathom. Answer ¶14 is stricken, and Randolph is deemed to have admitted the straightforward allegations in Complaint ¶14.

Next, here are Complaint ¶23 and Randolph's answer:

> 23. The Contract attached as Exhibit A is a valid and enforceable contract.
>
> ANSWER: Said paragraph is a legal conclusion to which no answer is required.

That is of course wrong--see App. ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Accordingly Answer ¶23 is also stricken and, because Randolph has said nothing to challenge the validity and enforceability of the Contract at issue, the allegations of Answer ¶23 are also deemed admitted.

Finally, each of Randolph's two ADs poses a different problem. AD 1, the essential equivalent of a Fed. R. Civ. P. 12(b)(6) motion, is simply incorrect when, as is required of any such motion (and, indeed, of any proper AD) C113's allegations are accepted as gospel. Hence AD 1 is stricken. As for AD 2, though it advances the potentially viable defense of failure to mitigate damages, it is not enough for Randolph's lawyers simply to parrot that language without providing C113's counsel and this Court with some better explanation of that claimed failure. Although AD 2 will therefore not be stricken at this time, Randolph's counsel will be expected to explain the predicate for advancing it at the next scheduled status hearing on April 27, 2005.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 26, 2005